IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 99-cv-01462-ZLW-CBS

DOUGLAS BURNS,
    Petitioner,
v.

JOHN W. SUTHERS, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,
    Respondents.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on Mr. Burns' "Motion for Relief under Rule 60 F.R.C.P. (60-b) - Amended [sic]" (filed January 15, 2008) (doc. # 107). Pursuant to the Special Order of Reference dated September 20, 1999 (doc. # 15) and the memorandum dated January 16, 2008 (doc. # 108), this matter was referred to the Magistrate Judge. The court has reviewed the pending motion, the entire case file, the pertinent parts of the state court record, and the applicable law and is sufficiently advised in the premises.

I.    Background

    Mr. Burns is a state prisoner serving a life sentence for his September 1985 conviction of second degree burglary and habitual criminal charges, as well as other sentences on several felony convictions. Proceeding *pro se*, Mr. Burns filed the underlying "Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person In State Custody" ("Petition") (doc. # 10) on August 17, 1999. Mr. Burns contended in the Petition that he was entitled to release from custody on several grounds. On June 29, 2001, Senior District Judge Weinshienk dismissed the second and third claims in Mr. Burns' Petition. (June 29, 2001 Order Dismissing Certain Claims (doc. # 45)). On April 9, 2003, Judge Weinshienk approved and adopted the Magistrate Judge's Recommendation

1

(doc. # 90) and dismissed the first, fourth, and fifth claims in Mr. Burns' Petition. (*See* "Order and Judgment of Dismissal" (doc. # 97)). Mr. Burns did not appeal either of Judge Weinshienk's orders. More than four years after the April 9, 2003 Order of Dismissal, Mr. Burns filed his first "Motion for Relief under Rule 60 F.R.C.P. (60-b)." (*See* doc. # 99). Judge Weinshienk denied Mr. Burns' Motion without prejudice on January 3, 2008. (*See* doc. # 106). Mr. Burns then filed the instant amended Motion on January 15, 2008.

Mr. Burns moves apparently pursuant to Fed. R. Civ. P. 60(b)(1), (5), and (6) "to set aside the Court's April 8, 2003 Order of Dismissal." (*See* doc. # 107 at p. 1 of 20). More specifically, Mr. Burns "does not reassert claims 2, 3, 5 or 6 of case 99-Z-1462 but does reassert claims 1 and 4 . . . ." (*See* doc. # 107 at p. 1 of 20 (emphasis in original)). Thus, the court understands Mr. Burns to be moving to set aside Judge Weinshienk's dismissal of Claims One and Four.

In a habeas petition filed with the Arapahoe County District Court in October 1993, Mr. Burns initially raised his claim that law enforcement officials in Colorado and Kentucky breached an agreement to secure his release from custody in exchange for his testimony in a murder trial. The Arapahoe County District Court converted the habeas petition to a Crim. P. 35(c)(2)(V) motion. (*See* Order (Exhibit 4 to doc. # 10) at p. 1; *People v. Burns*, Case No. 95CA1700 (Colo. App. Aug. 21, 1997) (not selected for publication) (Exhibit 3 to doc. # 10)). On August 15, 1995, the Arapahoe County District Court denied the motion as time-barred under Colo. Rev. Stat. § 16-5-402 and successive. (*See* Exhibits 3 and 4 to doc. # 10). On appeal, the Colorado Court of Appeals found that the trial court had properly converted the habeas petition to a Crim. P. 35(c) motion, but remanded the matter for a hearing on whether Mr. Burns could demonstrate "justifiable excuse or excusable neglect" for the untimely filing of his motion. (*See id.*).

On remand, after a hearing, the Arapahoe County District Court found that Mr. Burns failed to establish justifiable excuse or excusable neglect and denied his Crim. P. 35(c)

motion. (*See* state court record (doc. # 111) Vol. 1 at pp. 096-102; *People v. Burns*, Case No. 00CA0717 (Colo. App. Sept. 13, 2001) (not selected for publication) (Exhibit A to doc. # 60)). On September 13, 2001, the Colorado Court of Appeals affirmed the Arapahoe County District Court's ruling. (*See id.*). On July 22, 2002, the Colorado Supreme Court denied Mr. Burns' petition for writ of certiorari. (Case No. 02SC9 (doc. # 94 at p. 4 of 6)).

Mr. Burns commenced another habeas petition in the Arapahoe County District Court in 2003, Case Number 03CV2064. Arapahoe County District Judge Gerald J. Rafferty dismissed all but one of Mr. Burns' claims. Although the Arapahoe County District Court's prior conversion of Mr. Burns' habeas petition to a Crim P. 35(c) motion had been affirmed by the Colorado Court of Appeals, Judge Rafferty concluded that the "conversion in 1995 was not legally proper." (*See* doc. # 107 at p. 11 of 20). Judge Rafferty held an evidentiary hearing on Mr. Burns' single remaining claim that he had been promised a sentence reduction or release from custody in exchange for his testimony in the Kentucky murder trial. (*See id.* at p. 14 of 20; state court record in Case Number 03CV2064 (doc. # 111)). Judge Rafferty ultimately denied Mr. Burns' claim. (*See* state court record Vol. 4 at pp. 835-843 (doc. # 111)). Judge Rafferty's decision was affirmed by the Colorado appellate courts. (*See* Case No. 06SA40 (state court record Vol. 4 at p. 977)).

II.   Standard of Review

When faced with a Rule 60(b) motion filed in response to the denial of a petition for habeas relief, the court must first determine whether the motion should be treated as a second or successive habeas petition or whether it should be treated as a "true" 60(b) motion. *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). A Rule 60(b) motion is a second or successive petition if it "in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas*, 464 F.3d at 1215 (citing *Gonzales v. Crosby*, 545 U.S. 524 (2005)). "[I]t is a 'true' 60(b) motion if it either (1)

challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Spitznas*, 464 F.3d at 1215-16 (citations omitted).

III.    Motion Treated as Second or Successive Habeas Petition

In Claim One of the Petition, Mr. Burns alleged that law enforcement officials in Colorado and Kentucky breached an agreement to secure his release from custody in exchange for his testimony in murder trial. (*See* doc. # 10 at pp. 7-13). Judge Weinshienk dismissed Mr. Burns' Claim One with prejudice for failure to exhaust state court remedies and as procedurally defaulted based on the state court's determination that Mr. Burns' 1993 habeas petition was time-barred under Colo. Rev. Stat. § 16-5-402 and successive. (*See* "Order and Judgment of Dismissal" (doc. # 97); *People v. Burns*, Colo. App. No. 00CA1700 (August 21, 1997) (unpublished opinion) (Exhibit A to doc. # 60)). In Claim Four, Mr. Burns alleged that he was denied effective assistance of counsel in his postconviction Crim. P. 35(c) proceedings.[1] (*See* doc. # 10 at pp. 21-23). Judge Weinshienk dismissed Mr. Burns' Claim Four for failure to exhaust state court remedies and on the merits because he did not have a federal constitutional right to assistance of counsel in postconviction proceedings and thus was not entitled to federal habeas review of that claim. (*See* "Order and Judgment of Dismissal" (doc. # 97)).

The dismissal of Claims One and Four of Mr. Burns' Petition constituted a disposition on the merits of those claims. *See Burns v. Executive Director of Department of*

---

[1] Although Burns complains that he was denied the effective assistance of counsel in his "Direct Appeal" (*see* doc. # 10 at p. 21), in fact, Burns did not take a direct appeal from his guilty plea. Rather, he pursued an appeal of his postconviction proceedings. Thus, his Claim Four alleges ineffective assistance in his postconviction proceedings.

*Corrections*, Slip Op. No. 07-1205 at 2 (10th Cir. (Colo.) June 13, 2007) (doc. # 17 in Civil Action No. 07-cv-00415-ZLW-CBS) (denial of habeas petition based on procedural default is a determination on the merits) (citations omitted). *See also Schwartz v. Neal*, 228 Fed. Appx. 814, 816 (10th Cir. (Colo.) 2007) (claims raised in § 2254 petition that were denied based on state procedural default grounds constituted disposition on the merits and thus rendered subsequent § 2254 petition or § 2255 motion second or successive for purposes of the AEDPA) (internal quotation marks and citations omitted).[2] Thus, the Petition counts as a prior application and Mr. Burns' Rule 60(b) Motion is a second or successive petition for which he is required to seek authorization from the Tenth Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(3). The Tenth Circuit has already denied Mr. Burns' previous attempt to reassert the same Claims One and Four of the Petition. *See Burns* (doc. # 17 in Civil Action No. 07-cv-00415-ZLW-CBS) (denying authorization to file second or successive petition that included Claims One and Four of the Petition). As Mr. Burns' Rule 60(b) Motion is a successive habeas petition, it is properly transferred to the Court of Appeals for authorization to consider the application pursuant to 28 U.S.C. § 2244(b)(3).

IV.   Rule 60(b) Motion

In the alternative, Mr. Burns' Rule 60(b) Motion must fail even if it were treated as a "true" 60(b) motion. The Federal Rules of Civil Procedure allow a litigant subject to an adverse judgment to file a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b). Rule 60(b) provides:

> **Grounds for Relief from a Final Judgment, Order, or Proceeding**.
> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

---

[2]   A copy of this unpublished case is attached to this Recommendation.

> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

A motion for relief from a judgment under Rule 60(b) is addressed to the sound discretion of the trial court. *Zimmerman v. Quinn*, 744 F.2d 81, 82 (10th Cir. 1984) (citation omitted). *See also Beugler v. Burlington N. & Santa Fe Ry. Co.*, 490 F.3d 1224, 1229 (10th Cir. 2007) ("Rule 60(b) relief is extraordinary and may only be granted in exceptional circumstances.") (internal quotation marks and citation omitted); *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances); *LeaseAmerica Corp. v. Eckel*, 710 F.2d 1470, 1475 (10th Cir. 1983) (decision whether relief should be granted under Rule 60(b) is discretionary and the ruling should not be disturbed except for a manifest abuse of discretion) (citations omitted).

Mr. Burns requests that the April 9, 2003 "Order and Judgment of Dismissal" be vacated pursuant to Rule 60(b)(1), (5), and/or (6). (*See* doc. # 107 at p. 1 of 20). Mr. Burns argues that "a significant new matter or law and fact" is raised under Rule 60(b)(1) or (6). (*See id.* at p. 2 of 20).

1. Rule 60(b)(1)

Rule 60(b)(1) provides for relief from a final judgment for reasons of "mistake, inadvertence, surprise, or excusable neglect." However, "Rule 60(b) is not intended to be a substitute for a direct appeal." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996) (citation omitted). Rule 60(b)(1) motions premised upon mistake are intended to provide relief to a party in only two instances: (1) when "a party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) whe[n]

the judge has made a substantive mistake of law or fact in the final judgment or order." *Cashner*, 98 F.3d at 576. Relief under Rule 60(b)(1) is not available "when the mistake was the result of a deliberate and counseled decision by the party," for "a party who simply misunderstands the legal consequences of his deliberate acts," or "to allow a party merely to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument." *Cashner*, 98 F.3d at 576 (citations omitted). *See also Van Skiver*, 952 F.2d at 1244 (relief under Rule 60(b)(1) "is available only for obvious errors of law, apparent on the record") (citations omitted).

Mr. Burns appears to argue that in light of the proceedings in Case Number 03CV2064 in the Arapahoe County District Court, Judge Weinshienk's Order of Dismissal in this civil action was based on "mistake or inadvertence after the fact." However, nothing in the proceedings in Case Number 03CV2064 in the Arapahoe County District Court invalidates Judge Weinshienk's April 9, 2003 Order of Dismissal. At the time of the April 8, 2003 Order of Dismissal, Mr. Burns' Claim One was unexhausted and procedurally defaulted based on state court determinations that have not been overturned. *See People v. Burns*, Case No. 95CA1700 (Exhibit 3 to doc. # 10); *People v. Burns*, Case No. 00CA0717 (Exhibit A to doc. # 60). Judge Rafferty's Orders in 03CV2064 did not invalidate the previous Orders of the Colorado Court of Appeals, the Colorado Supreme Court, or Judge Weinshienk.

The record reveals that Judge Rafferty never addressed the issue raised by Mr. Burns' Claim Four, that he was denied effective assistance of counsel in his postconviction Crim. P. 35(c) proceedings. Nothing in the record calls into question Judge Weinshienk's conclusion that Mr. Burns' Claim Four was unexhausted and failed on the merits pursuant to established federal law that there is no constitutional right to an attorney in state post-conviction proceedings. *See Smallwood v. Gibson*, 191 F.3d 1257, 1266 n. 4 (10th

Cir. 1999) ("Petitioner cannot successfully assert that his counsel was constitutionally ineffective at the post-conviction stage because [t]here is no constitutional right to an attorney in state post-conviction proceedings.") (internal quotation marks and citation omitted); 28 U.S.C. § 2254 ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.")). Mr. Burns fails to demonstrate that he is entitled to relief pursuant to Rule 60(b)(1) from Judge Weinshienk's April 9, 2003 Order of Dismissal.

2. Rule 60(b)(5)

Rule 60(b)(5) permits the court to relieve a party from a final judgment or order if "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; . . . or applying it prospectively is no longer equitable . . . ." Mr. Burns has not explained how this provision applies to this case. To the extent that Mr. Burns may be relying on Judge Rafferty's October 18, 2005 Order (*see* state court record Vol. 4 at pp. 835-843 (doc. # 111)), that Order did not cause this court's April 9, 2003 "Order and Judgment of Dismissal" (doc. # 97) to be satisfied, released, discharged, reversed, vacated, or no longer equitable. The court perceives no basis for relief pursuant to Rule 60(b)(5).

3. Rule 60(b)(6)

While Rule 60(b)(6) is "a catchall provision permitting relief" from the operation of a judgment for " 'any other reason justifying relief,' this catchall provision applies only in 'extraordinary situations' where . . . necessary to 'accomplish justice.' " *Colorado Interstate Gas v. Natural Gas Pipeline*, 962 F.2d 1528, 1533 (10th Cir. 1992) (quoting Rule 60(b)(6)) (citation omitted). "Relief under Rule 60(b)(6) is appropriate when circumstances are so

'unusual or compelling' that extraordinary relief is warranted, or when it 'offends justice' to deny such relief." *Cashner*, 98 F.3d at 580. Such extraordinary circumstances have been found "to exist when, after entry of judgment, events not contemplated by the moving party render enforcement of the judgment inequitable." *Cashner*, 98 F.3d at 579 (citations omitted).

First, Rule 60(b)(6) may only be invoked for causes not specifically covered in Rule 60(b)(1-5); otherwise, Rule 60(b)(6) would render the one-year limit applicable to Rule 60(b)(1-5) meaningless. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 393 (1993) (holding that the "provisions [of Rule 60(b)] are mutually exclusive, and thus a party who failed to take timely action due to 'excusable neglect' may not seek relief more than a year after the judgment by resorting to subsection (6)" (citations omitted)); *United States v. Buck*, 281 F.3d 1336, 1341 (10th Cir. 2002) ("clear import of the language of clause (b)(6) is that the clause is restricted to reasons other than those enumerated in the previous five clauses"). As Mr. Burns' claims do not clearly fall outside of Rule 60(b)(1-5), Rule 60(b)(6) is inapplicable.

Second, the court cannot conclude that Mr. Burns' Motion presents such an extraordinary situation that he is entitled to relief under Rule 60(b)(6). Again, nothing in the record of Arapahoe County District Court Case Number 03CV2064 invalidates Judge Weinshienk's Order of Dismissal in this civil action, based on failure to exhaust and procedural default of Claim One and failure to exhaust and the merits of Claim Four. Mr. Burns' arguments do not meet the requirements for relief under Rule 60(b)(6). Judge Rafferty ultimately denied Mr. Burns' claim that law enforcement officials in Colorado and Kentucky breached an agreement to secure his release from custody in exchange for his testimony in a murder trial.

4. Timeliness of Rule 60(b) Motion

In the alternative, Mr. Burns' Motion challenging the April 9, 2003 Order of Dismissal is properly denied as untimely. A motion pursuant to Rule 60(b) must be "made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken." Fed. R. Civ. P. 60(c)(1) (formerly 60(b)). *See also Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1088 (10th Cir. 2005) (observing that "a Rule 60(b)(1) motion shall be made within a reasonable time, but never more than one year after the judgment, order or proceeding was entered or taken" and that this time limit is "absolute") (internal quotation marks and citation omitted). A motion pursuant to Rule 60(b)(5) or (6) need not be filed within a year, but within a reasonable time. *Cano v. Baker*, 435 F.3d 1337, 1341 (11th Cir. 2006); Fed. R. Civ. P. 60(c)(1)).

Mr. Burns filed the instant Motion almost five years after the April 9, 2003 Order of Dismissal. Mr. Burns offers as an explanation for the delay in filing his motion that on April 30, 2005 Judge Rafferty ordered that "Plaintiff is entitled to an evidentiary hearing under § 13-45-103(2)(b), C.R.S. on whether, after his lawful imprisonment, he detrimentally relied on a promise by the government to reduce his lifetime sentence." (*See* doc. # 107 at p. 14 of 20). Judge Rafferty's October 18, 2005 Order was affirmed by the Colorado appellate courts on December 7, 2006. (*See* Case No. 06SA40 (state court record Vol. 4 at p. 977)). Mr. Burns filed his first "Motion for Relief under Rule 60 F.R.C.P. (60-b)" six months later, on June 25, 2007. (*See* doc. # 99). After Judge Weinshienk denied Mr. Burns' Motion without prejudice on January 3, 2008 (*see* doc. # 106), Mr. Burns then filed the instant amended Motion on January 15, 2008. However, as nothing in the proceedings in Arapahoe County District Court Case Number 03CV2064 affects or invalidates Judge Weinshienk's April 9, 2003 Order of Dismissal, Mr. Burns' explanation for the delay in filing his Motion is not sufficient.

Accordingly, IT IS RECOMMENDED that:

1. Mr. Burns' "Motion for Relief under Rule 60 F.R.C.P. (60-b) - Amended [sic]" (filed January 15, 2008) (doc. # 107) be transferred to the Court of Appeals as a successive habeas petition, for authorization to consider the application pursuant to 28 U.S.C. § 2244(b)(3).

2. In the alternative, Mr. Burns' "Motion for Relief under Rule 60 F.R.C.P. (60-b) - Amended [sic]" (filed January 15, 2008) (doc. # 107) be DENIED under Rule 60(b).

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and

recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 31st day of July, 2008.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge